UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CARLOS SALINAS,               )
                              )
        Petitioner            )
                              )
            v.                )   No. 3:93cv0689 AS
                              )
STATE OF INDIANA,             )
                              )
        Respondent            )

## MEMORANDUM AND ORDER

On September 28, 1993, pro se petitioner, Carlos Salinas, an inmate at the Westville Correctional Center, filed a petition seeking relief under 28 U.S.C. § 2254. The return filed by the respondents on February 4, 1994, demonstrates the necessary compliance with Lewis v. Faulkner, 689 F.2d 100 (7th Cir. 1982). On March 14, 1994, the petitioner filed a a very well written and cogent traverse.

The petitioner was convicted in the Johnson Superior Court as the result of a jury verdict of dealing in cocaine, and was sentenced by the Honorable James Coachys, a Judge of that court to a 16-year sentence, two of which were suspended. A direct appeal was taken to the Court of Appeals of Indiana, which affirmed the aforesaid conviction in a published opinion authored by Judge Baker of the First District of that court. See Salinas v. State, 566 N.E.2d 1058 (Ind.App. 1991). Unfortunately for this petitioner, no transfer was sought to the Supreme Court of Indiana, which raises a combined question of exhaustion of available remedies and procedural default. See Nutall v. Greer, 764 F.2d 462 (7th Cir. 1985).

Thereafter, this petitioner returned to the state trial court in Johnson County, Indiana, and moved for a modification of sentence on or about September, 1991, which was denied on or about October 9, 1991. On November 20, 1991, this petitioner sought post-conviction relief in the state trial court. Thereafter on December 9, 1991, while represented by counsel, he filed a second motion for modification of sentence, and a deputy state public defender entered an appearance for the petitioner on January 23, 1992, and the aforesaid motion for modification was <u>granted</u> on May 7, 1992.

New and additional counsel appeared in the state trial court on the post-conviction proceeding for this petitioner on August 19, 1992. The Attorney General explains that during this period there was an exchange of letters between the petitioner and the public defender's office. Specifically, there is a letter dated August 18, 1992 wherein a deputy public defender "explains the reason for the delay, stating that cases are handled in the order of filing and that she is responsible for a number of case filed before [the petitioner's.]" See Respondent's Return at 2. Subsequently, the state trial court denied a motion to compel on July 14, 1993, and again on August 17, 1993, a state deputy public defender again wrote to this petitioner to advise him that she would remain in his case until she was informed otherwise. The last docket entry on the petitioner's state trial court docket sheet is August 6, 1993.

Here, in seeking a writ of habeas corpus, the petitioner contends that a state petition for post-conviction relief

has languished in the state court. Specifically, this petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254 and raises the issue of inordinate delay as outlined in Lowe v. Duckworth, 663 F.2d 42 (7th Cir. 1981), and Dozie v. Cady, 430 F.2d 637 (7th Cir. 1970).

While the respondent maintains that the petitioner has failed to exhaust the available state remedies. Specifically, the respondents point out that a post-conviction action in the state trial court is pending. The court notes that it is basic and elementary under Rose v. Lundy, 455 U.S. 509 (1982), Duckworth v. Serrano, 454 U.S. 1 (1981), and Varnell v. Young, 839 F.2d 1245 (7th Cir. 1988), that as a prerequisite to seeking relief under § 2254, available state remedies must be exhausted. Justice Scalia, speaking for the Supreme Court of the United States in Castille v. Peoples, 489 U.S. 346 (1989), reaffirmed the same in no uncertain terms. See also Farrell v. Lane, 939 F.2d 409 (7th Cir. 1991), Cruz v. Warden of Dwight Correctional Center, 907 F.2d 665 (7th Cir. 1990), and Henderson v. Thieret, 859 F.2d 492 (7th Cir. 1988), cert. denied, ___ U.S. ___, 109 S.Ct. 1648 (1989).

In Dozie v. Cady, supra, the Seventh Circuit addressed whether a 17 month delay was inordinate and whether such a delay in the requisite state procedures should obviate the exhaustion of state remedies doctrine:

> While federal courts usually wait for the completion of state appeal proceedings before hearing a habeas corpus petition, there are exceptions. The U.S. Supreme Court said in Bartone v. United States, 375 U.S. 52, 54, 84 S.Ct. 21, 22, 11 L.Ed.2d 11 (1963): "Where state procedural snarls or obstacles preclude an effective

3

> state remedy against unconstitutional convictions, federal courts have no other choice but to grant relief in the collateral proceeding."

Id. In Dozie, the court indicated "that a seventeenth-month delay merits an investigation by the district court." Id. In addition, the Dozie court "ordered that the case be remanded to the District Court ... for a determination of whether the delay in the petitioner's case ... is justifiable." Id.

A little over a decade later, in Lowe v. Duckworth, supra, the Seventh Circuit, speaking through Judge Pell, revisited this issue. In Lowe, the petitioner's "state motion had lain dormant for nearly three and one-half years despite his attempts, by writing to the state court judge, to obtain a ruling on his motion." Id. at 43. The petitioner "argued to the district court that, notwithstanding the pendency of the state court proceedings, his federal petition should not be dismissed on exhaustion grounds because his state remedy was ineffective." Id. On this issue, the Lowe court explained:

> The district court's dismissal of Lowe's petition was clearly erroneous. Dozie v. Cady, 430 F.2d 637 (7th Cir. 1970). Where state court delay is inordinate, the district court must hold a hearing to determine whether the delay is justifiable. If it is not justifiable, the court must hear the habeas petition on its merits. Ibid. A seventeen-month delay is inordinate. Ibid. Therefore, a three-and-one-half-year delay is also inordinate, triggering the above-described hearing.

Id.

This court has examined the most recent district court opinions in the Seventh Circuit on this issue, and that investigation reveals that a great majority of the opinions feature

4

a discussion of two important issues. The first is whether the delay is inordinate. Here, it is apparent that <u>Dozie</u> established the minimal level for actions of this ilk. Next, if the delay is found to be inordinate, then the court must focus on whether the delay is justifiable.

In this petitioner's state post-conviction docket sheet, the last entry is from August of 1993. This court questions whether this delay is inordinate. The minimal level under <u>Dozie</u> is seventeen months. Assuming <u>arguendo</u>, that the petitioner has established a requisite inordinate delay; then, this court must focus on the cause of that delay and ascertain whether it is justifiable. On the issue of justification, it is clear that this record must also be examined under the mandates of <u>Lane v. Richards</u>, 957 F.2d 363 (7th Cir. 1992). The record in this case indicates that the delay in the state court proceedings is not at the doorstep of the state judiciary, but is at the doorstep of those who are representing the petitioner.

In <u>Lane v. Richards</u>, 957 F.2d 363 (7th Cir. 1992), the Seventh Circuit, speaking through Judge Easterbrook, explained the considerations requisite to the aforementioned inquiry.[1] In <u>Lane</u>,

---

[1] In <u>Lane v. Richards</u>, <u>supra</u>, the Seventh Circuit also cited with approval a Third Circuit discussion of the abovementioned issues outlined in <u>Hankins v. Fulcomer</u>, 941 F.2d 246 (3rd Cir. 1991). The <u>Hankins</u> court indicated:
> Although the requirement of exhaustion and its underlying principles form a threshold test to federal claims for habeas relief, they are designed as an "accommodation" rather than an "insuperable barrier." <u>Wilwording v. Swenson</u>, 404 U.S. 249, 250 (1971). the statutory exceptions under Section 2254(b) ensure that the exhaustion requirement is not a "mechanical formula"

5

the court appointed public defender delayed the state post-conviction process through "a series of lulling letters" leading the petitioner to believe that the public defender and the court were handling the case in the proper fashion. The Lane court explained that "[t]his is a woeful performance by the State of Indiana--by a lawyer who has done nothing on her client's behalf for more than five years, by a judge who has allowed the case to grow a beard...." Id. at 365. In evaluating this issue, the Lane court explained:

> Cases such as Dozie v. Cady, 430 F.2d 637 (7th Cir. 1970), and Lowe v. Duckworth, 663 F.2d 42 (7th Cir. 1981), hold that a district court should determine whether lengthy delay in the state court is justifiable; if it is not, then the district judge should deem state limiting federal jurisdiction. If it appears the prisoner's rights have become an "empty shell" or that the state process is a "procedural morass" offering no hope of relief, then the federal courts may excuse the prisoner from exhausting state remedies and may directly consider the prisoner's constitutional claims.
> Inordinate delay in state procedures is one circumstance that can render state process ineffective to protect a prisoner's rights and therefore excuse exhaustion. There is no single, comprehensive test for inordinate delay. But we have previously held that when a state court fails to act in spite of "ample opportunity" to decide a prisoner's claims, considerations of comity do not necessarily require dismissal for lack of exhaustion. To cite the most frequently quoted precept of inordinate delay, "[i]t is the legal issues that are to be exhausted, not the petitioner." We have emphasized that "the exhaustion doctrine is not intended to give the states more than one full chance." In addition, "the exhaustion doctrine does not require that the state courts have actually ruled on the merits of the claims, but merely that they have had those contentions presented to them."

Id. (citations omitted).

6

remedies exhausted. See also, <u>Harris v. Champion</u>, 938 F.2d 1062 (10th Cir. 1991); <u>Hankins v. Fulcomer</u>, 941 F.2d 246 (3d Cir. 1991). The reason for the delay is no mystery, so we do not need a hearing to explore that reason: the state case came to a halt because [the public defender] asked for a continuance.

<u>Id.</u>

The <u>Lane</u> court evaluated whether the inordinate delay and the reason for that delay were grounds for obviating the exhaustion of state remedies doctrine. Initially, the <u>Lane</u> court explained that "[w]e appreciate the Public Defender's problem: too many clients, not enough lawyers available, the number of cases per lawyer is beyond the control of the office." <u>Id.</u> at 365. Next, the <u>Lane</u> court indicated that "[the petitioner] blames [the public defender] for the inaction and asks us to hold that the State of Indiana has closed its ears and doors to his contentions." <u>Id.</u> On this issue, the <u>Lane</u> court made it clear that "[the petitioner's] obstacle is the principle that there is no constitutional right to counsel on collateral attack." <u>Id.</u> (citation omitted). The <u>Lane</u> court also explained:

> Errors committed by counsel representing a prisoner on collateral attack are not attributed to the state. ... [In order to circumvent any delay] all [the petitioner] need do is fire [the public defender] and request a hearing. ... [In order] to get a hearing in Indiana[, the petitioner] must surrender all hope of assistance by the public defender (if what he has received can be called "assistance"), but as the Constitution does not guarantee the aid of counsel to prosecute a collateral attack, putting a prisoner to a choice between a lawyer and a prompt hearing does not violate the Constitution.

<u>Id.</u>

Here, the Attorney General of Indiana points out that this petitioner's situation is very similar to the situation described

7

in Lane. This court knows judicially of the tremendous caseload burdens of the Office of the Public Defender in Indiana and has commented on that in public opinions. See Lewis v. Duckworth, No. 3:93cv105 (N.D.Ind. 1993). Therefore, this court finds that the petitioner must exhaust his requisite state remedies.

This court must again commend the petitioner on his traverse. The petitioner points out that he "made every effort to expedite a hearing" by filing a "Motion to Compel Public Defender to Move Forward with Petitioner's Post-Conviction Relief Petition," and a "Petition for Right to File Interlocutory Appeal of Court's Denial of Petitioner's Motion to Compel." See Petitioner's Traverse at 2. The petitioner asserts that "[i]t cannot be said that [he] was not diligent in attempting to invoke the 'zealous representation' that is so clearly earmarked by the Lane opinion." Id. In addition, the petitioner relies on Indiana Code 33-1-7-2 entitled "Representing penal institution inmates," which indicates that "the state public defender shall represent any person confined in any penal facility ... in any post-conviction proceeding...." Id. The petitioner is not being denied a public defender, and therefore, this provision is not violated. The petitioner must exhaust his state remedies. The petitioner is also entitled to terminate his state post-conviction action and proceed under 28 U.S.C. § 2254. This action is questionable insofar as the petitioner must then make a showing of cause and prejudice for the state procedural default.

8

Therefore, this petition is and must be **DENIED**. IT IS SO **ORDERED**.

DATED: March 29, 1994

                      s/ Allen Sharp
                      _____
                      **CHIEF JUDGE**
                      **UNITED STATES DISTRICT COURT**